899 F.2d 1223
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Winslow WATSON, Plaintiff-Appellant,
v.
Mike GARDNER, Sheriff; Keith Waye, Jailer; Jeff Parker,
Deputy; B.J. Richardson, Defendants-Appellees.
 No. 89-6178.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before KEITH and NELSON, Circuit Judges; and JAMES P. CHURCHILL, Senior District Judge.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Winslow Watson moves for counsel and transcript at government expense and appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 civil rights action.
 
 
 4
 Watson claimed that he was assaulted three times by various police officers, and that prison officials were deliberately indifferent to his serious medical needs. The defendants are certain police officers, the sheriff of Sullivan County, and prison officials. The district court entered judgment for the defendants following a bench trial on the merits.
 
 
 5
 Watson alleged that he was assaulted by Officer Richardson while he was being transported from the Sullivan County jail to a hospital in Kingsport for tests prescribed because he claimed he was vomiting blood. There was evidence that the incident occurred when Watson refused to extinguish a cigarette after Richardson asked him to do so. The other inmates were removed from the cruiser and Richardson took Watson's cigarettes away. Although there was a verbal conflict, there was no physical assault, and Watson appeared to be in good shape on the return trip. Additionally, Richardson did not choke or strike Watson. Watson did not effectively refute this testimony. We cannot say that the district court erred in finding that Watson failed to establish that he was assaulted by Richardson when he was transported to Kingsport.
 
 
 6
 Watson further claimed that Richardson and Parker assaulted him upon his arrival at the city jail. However, neither inmate Gobbell nor city jailer Jim Cole saw an officer strike him. There was testimony that Watson voluntarily struck his head three times on a wooden cabinet, and was very belligerent and loud. Again, Watson did not effectively refute this evidence. The district judge's findings of fact will not be reversed, as Watson failed to show that the findings were clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). Appellant cannot make such a showing merely by pointing to conflicting testimony. Franklin v. Aycock, 795 F.2d 1253, 1257-58 (6th Cir.1986).
 
 
 7
 Watson's claim against Sheriff Gardner was correctly dismissed, Watson having failed to establish that he was assaulted. Any failure to train or supervise is thus irrelevant.
 
 
 8
 The court was correct in dismissing Watson's claim that Richardson assaulted him at the county jail. Following a criminal jury trial, Watson himself was found guilty of assaulting Richardson during this incident. Under the doctrine of res judicata, this issue is not to be retired absent a reversal of Watson's conviction.
 
 
 9
 Finally, Watson failed to establish that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Watson did not dispute the evidence that the officers were transporting him to a hospital for tests and treatment. As the district court stated, Watson himself frustrated the effort to obtain medical treatment.
 
 
 10
 For these reasons, the motions for counsel and transcript are denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 11
 ---------------
 
 
 
 * The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation.